UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

    Gwendolyn Allen-Morris,

        Debtor.
_____/

Case No. 13-54293-MBM
Chapter 13
Hon. Marci B. McIvor

Gwendolyn Allen-Morris,

        Plaintiff,

vs.

Nicholas Financial Inc.,

        Defendant.
_____/

Adv. Pro. No. 13-5351

**OPINION DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the Court on plaintiff Gwendolyn Allen-Morris' Motion for Reconsideration. The Motion seeks reconsideration of an Order entered on March 25, 2014, Granting Defendant's Motion to Dismiss. For the reasons set forth in this Opinion, the Motion for Reconsideration is denied.

On October 18, 2011, plaintiff Gwendolyn Allen-Morris purchased a used 2002 Jeep Grand Cherokee from Suburban Chrysler Jeep Dodge, Inc. (*See* contract titled "Simple Finance Charge" dated October 18, 201, attached to Plaintiff's adversary complaint).

At the time of purchase, the vehicle had 99,816 miles on it. The purchase price of the vehicle was $9,321.00 with a down payment of $1,152.00. The balance was

financed at an interest rate of 25% for a term of 48 months.

It appears that the contract was immediately assigned to defendant Nicholas Financial, Inc. Although no documents evidencing the assignment were filed with the Court, a "Receipt for RD-108 Dealer Transaction" was filled out and discloses Nicholas Financial as having a "First Secured Interest" with a "Filing Date" of October 18, 2011.

On July 25, 2013, Plaintiff filed a voluntary chapter 13 bankruptcy petition. Listed on Plaintiff's schedule B (personal property) is a 2002 Jeep Laredo with 118,000 miles on it and valued at $5,000. Also listed on schedule B is a lawsuit against creditor/defendant Nicholas Financial for usury, violations of the Truth in Lending Act and other potential Consumer Act violations. The lawsuit is valued at $5,000 and is exempted on schedule C pursuant to 11 U.S.C. §522(d)(5).

On schedule D (creditors holding secured claims), defendant Nicholas Financial is listed as holding a lien on the 2002 Jeep Laredo. The amount owed on the vehicle is $8,940. The collateral is valued at $5,000.

On August 28, 2013, defendant Nicholas Financial filed a secured claim in the amount of $8,869.39.

On November 12, 2013, Defendant filed a Motion for Relief from the Automatic Stay with regard to the Jeep. That motion was granted on December 20, 2013.

On November 18, 2013, Plaintiff/Debtor filed the present two-count adversary complaint. In her complaint, Plaintiff makes the following assertions:

> . . .
>
> 11. The purchase agreement shows that the vehicle was purchased according to the following terms:
>     a. The purchase price of the vehicle was $9,321.00.
2


> b. The down payment was $1,152.00
> c. The interest rate charged was 25.00%.
> 12. Based upon information obtained from NADA and Kelley Blue Book, Debtor believes that the retail value for a similar vehicle in excellent condition would have been at most $7,500.00. At the time of purchase, the purchase price of the vehicle Debtor purchased exceeded its true value.

Plaintiff's Complaint, ¶ 11 and 12.

Count I of Plaintiff's Complaint is labeled "Violation of Criminal Usury Statutes and Denial of Claim." In Count I, Plaintiff asserts that Defendant violated Michigan's criminal usury statute (MCL 438.41) by charging Plaintiff a price for the vehicle which exceeded the value of the vehicle on the date of sale. [¶16-20] Plaintiff contends that the inflated price of the vehicle constitutes a hidden or imputed interest charge. According to Plaintiff, the contractual interest rate of 25% plus the imputed interest from the inflated purchase price exceeds the interest rate ceiling set by Michigan's criminal usury statute. Once a violation of the criminal usury statute is established, Plaintiff asserts that Michigan's "wrongful conduct" rule applies to preclude Defendant from enforcing its claim in Plaintiff's bankruptcy proceeding.

Count II of Plaintiff's Complaint is labeled "Voiding of Lien Pursuant to 11 U.S.C. § 506(d)." In Count II, Plaintiff asserts that if Defendant's claim is disallowed under Count I, Defendant's lien must be avoided pursuant to 11 U.S.C. § 506(d).[1]

The relief requested by Plaintiff in the adversary complaint is as follows:

> WHEREFORE, Plaintiff respectfully requests that this honorable Court:

---

[1] Count II is now moot. At the hearing on the Motion to Dismiss, the Court was advised that the Jeep was repossessed pre-petition and sold at auction. Defendant's only remaining claim is an unsecured deficiency claim.

> a. Deny the claim of Nicholas Financial Inc. In its entirety as the sale of the 2002 Jeep Grand Cherokee was a usurious transaction, and consequently Nicholas Financial Inc, is barred from asserting any claim against Debtor/Plaintiff under Michigan's "wrongful conduct rule";
>
> b. Declare the lien of Nicholas Financial Inc. entirely void pursuant to 11 U.S.C. § 506(d) and require Nicholas Financial Inc. to take steps to remove the lien from Debtor's vehicle;
>
> c. Award Debtor/Plaintiff her attorney fees and costs so wrongfully incurred;
>
> d. Award such other relief as the court finds just and equitable.

On February 2, 2014, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted).

On March 25, 2014, the Court held a hearing on Defendant's Motion to Dismiss. At the conclusion of the hearing, the Court issued a bench opinion and granted the Motion pursuant to Fed. R. Civ. P. 12(b)(6). On March 26, 2014, the Court entered an Order to that effect.

On April 9, 2014, Plaintiff filed the present Motion for Reconsideration. Pursuant to E.D. Mich. LBR 9024-1, a motion for reconsideration must be filed within fourteen days after the order to which it objects is issued. It should be granted only if the movant demonstrates that the Court and the parties have been misled by a palpable defect <u>and</u> that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.

The gist of Plaintiff's Motion for Reconsideration is that the Court erred as a matter of law in concluding that Plaintiff had failed to state a claim upon which relief could be granted. The problem with Plaintiff's Motion for Reconsideration is that it fails to discuss the claims which were asserted in Plaintiff's Complaint and the law which relates to those claims. Plaintiff's Complaint sought disallowance of Defendant's claim on a theory that Defendant's wrongful conduct precluded Defendant from collecting on its claim. Thus the relevant law in considering Defendant's Motion to Dismiss was law addressing the parameters of the wrongful conduct rule.

As set forth in the Court's March 25, 2014 bench Opinion, case law establishes that two requirements must be met before the wrongful conduct rule operates to have a claim denied:(1) the plaintiff's "conduct must be prohibited or almost entirely prohibited under a penal or criminal statute," and (2) "a sufficient causal nexus must exist between the plaintiff's illegal conduct and the plaintiff's asserted damages." *Orzel v. Scott Drug Co.,* 537 N.W 2d 208, 213 (Mich. 1995). For the reasons discussed below, there was no error in this Court's ruling that Plaintiff failed to state a claim sufficient to permit her to invoke the wrongful conduct rule against Defendant.

First, Plaintiff failed to establish that Defendant committed a *per se* violation of Michigan's criminal usury statute. That statute states:

> A person is guilty of criminal usury when, not being authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan or forebearance of any money or other property, at a rate exceeding 25% at simple interest per annum or the equivalent rate for a longer or shorter period. Any person guilty of criminal usury may be imprisoned for a term not to exceed 5 years or fined not more than $10,000, or both.

Mich. Comp. Laws. §438.41. Since the interest rate charged by Suburban Jeep on the

sale of Debtor's vehicle was 25%, an amount clearly disclosed on the face of the contract, there is no facial violation of the criminal usury statute.

Second, there is no authority to support Plaintiff's argument that selling a vehicle at an inflated price (assuming, *arguendo* that there is truth to this allegation) violates the criminal usury statute. The case law cited by Plaintiff has no applicability to the facts of the instant case. Keeping in mind that violations of the wrongful conduct rule require a finding that a party violated a criminal statute, two of the cases cited by Plaintiff were decided in the context of civil statutes – the Truth in Lending Act (*see Mourning v. Family Publications Service, Inc.,* 93 S.Ct. 1652 (1973)) and state consumer protection laws (*see Stewart v. Creditthrift of America Consumer Discount Co.(In re Stewart),* 93 B.R. 878 (Bankr. E.D. Pa. 1988). Assuming Plaintiff could state a claim for violations of the Truth in Lending Act or any other consumer credit or protection law, her damages would be civil and therefore, would not trigger the wrongful conduct rule.

Other cases cited by Plaintiff also fail to persuade this Court that the facts of the present case support the application of the wrongful conduct rule. In *People v. Coleman,* 59 N.W.2d 276 (Mich. 1953), the defendant was convicted on criminal usury charges. The defendant was requiring borrowers to purchase a bottle of vitamins at an inflated price as a condition precedent to obtaining a loan. While the interest rate on the "loans" was not usurious, the court found that because a borrower could not obtain a loan without purchasing a product, the loan transaction violated the criminal usury laws. In the instant case, Defendant has not been charged or convicted of violating a criminal statute nor is there any allegation that the sale of cars by Suburban Jeep was a disguised loan transaction i.e. that the purchase of the vehicle was somehow a ruse for

6

the underlying loan.

*Sultan v. Central Life Ins. Co. Of Illinois,* 302 Mich. 425, 4 N.W.2d 713 (1942) is similarly unhelpful to Plaintiff's argument that the wrongful conduct rule applies in the case at bar. *Sultan* involved a plaintiff who wanted to buy a building. When he inquired about a loan in order to purchase the building, he was told that he could have the loan only if he purchased another property owned by the lender. The price on the second property was greatly inflated over its market value. The Michigan Supreme Court held that when a lender requires a borrower to purchase an asset at a price exceeding the value of the asset as a condition precedent to obtaining a loan, the loan transaction is usurious. That case has no relevance to the case at bar.

In the instant case, Plaintiff went to Suburban Jeep to purchase a vehicle, not to obtain a loan. The terms of the sale were clearly disclosed to Plaintiff. It was only after Plaintiff's vehicle was repossessed and after Plaintiff filed for bankruptcy that Plaintiff alleged wrongful conduct on the part of Defendant Suburban Jeep's assignee. There are no facts demonstrating that Defendant violated a criminal statute.

In sum, the case law cited by Plaintiff does not demonstrate error in the Court's Opinion Granting Defendant's Motion to Dismiss. The cases cited all address either violations of civil statutes,[2] or sales transactions wherein a borrower was required to purchase a product the purchaser did not want as a precondition to obtaining a loan. The cases do not address the Michigan criminal usury statute and application of the

---

[2]*See Stewart v. Creditthrift of America Consumer Discount Co. (In re Stewart),* 93 B.R. 878 (Bankr. E.D. Pa. 1988) which held that the additional price charged by a seller over the price charged to the seller by the seller's retail supplier was a disguised finance charge which violated state consumer protection laws and the federal Truth in Lending Act.

7

wrongful conduct rule as a means of disallowing a bankruptcy claim.

It appears to the Court that the case Plaintiff is litigating in her Motion for Reconsideration is not the case she filed in her adversary complaint. The case she *filed* presumes Defendant's wrongful conduct and then alleges that Defendant's wrongful conduct precludes Defendant from collecting on its claim. The case that Plaintiff *is litigating* in her Motion for Reconsideration is that Defendant violated a usury statute, the Truth in Lending Act, or the Michigan Motor Vehicle Code. Notably, Plaintiff listed three potential causes of action on her Schedule B (Schedule of Personal Property)– "usury violation, truth in Lending Act violation, and other potential consumer violations." Nothing in this Opinion precludes Debtor or the Trustee from pursuing those causes of action in Plaintiff's bankruptcy case. However, those causes of action, even if successful, would not bar Defendant's claim for the unpaid balance owed on the 2002 Jeep.

Viewing the facts alleged in the complaint in the light most favorable to Plaintiff, Plaintiff's allegations that Suburban Jeep systematically and intentionally inflated the price of its vehicles, might give rise to a claim for civil damages under some consumer protection theory. However, those facts do not state a claim for criminal usury or give rise to the conclusion that Defendant's wrongful conduct bars Defendant's claim in this bankruptcy.

In conclusion, Plaintiff's Complaint seeks to disallow Defendant's claim on the theory that Defendant's wrongful conduct precluded Defendant from collecting on its claim. Based on the applicable case law, there is no error in this Court's ruling that Plaintiff's Complaint fails to establish that Defendant's conduct falls within the

parameters of the wrongful conduct rule.

Signed on April 18, 2014

                                 /s/ Marci B. McIvor
                                 Marci B. McIvor
                                 United States Bankruptcy Judge